UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS ABREU,

                              Plaintiff,

        v.                                                      9:17-CV-1312
                                                                (DNH/ML)

JUSTIN J. THOMAS and SEAN P. WIGGINS,

                              Defendants.
_____

APPEARANCES:

CARLOS ABREU
046 046 276
Plaintiff, pro se
**(last known address)**
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

HON. LETITIA JAMES                          ERIK PINSONNAULT, ESQ.
NEW YORK STATE ATTORNEY GENERAL             Asst. Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

MIROSLAV LOVRIC
United States Magistrate Judge


                    **REPORT-RECOMMENDATION and ORDER**



**I.      INTRODUCTION**

        Pro se plaintiff Carlos Abreu ("Plaintiff"), a former New York State prison inmate,

whose address is not currently known to the court, commenced this civil rights action

asserting claims arising out of his confinement while in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  *See* Dkt. No. 1 ("Compl.").  Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 41(b) and the Northern District Local Rules ("L.R.") 10.1(c)(2) and 41.2(b).  Dkt. No. 56.  Plaintiff has not responded. For the reasons set forth below, this Court recommends that Defendants' motion be granted.

## II.    RELEVANT BACKGROUND

In December 2017, Plaintiff commenced this action alleging that Defendants violated his constitutional rights while he was in DOCCS' custody in the Residential Mental Health Unit at Marcy Correctional Facility ("Marcy C.F.").  *See* Dkt. No. 1 ("Compl.").  In a Decision and Order filed on January 22, 2018, (the "January 2018 Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 11.  Based upon that review, the Court directed Defendants to respond to Plaintiff's claims.  *See id.*  Defendants filed an Answer to the Complaint and the Court issued a Mandatory Pretrial Discovery and Scheduling Order.  *See* Dkt. Nos. 41 and 42.  Pursuant to the Order, discovery was scheduled to be completed on or before August 15, 2019.  Dkt. No. 42.

On April 22, 2019, Plaintiff filed a Notice of Change of Address indicating that he was transferred to Buffalo Federal Detention Facility to await deportation proceedings.  *See* Dkt. No. 44.  Plaintiff also filed a motion with various requests for relief including, a motion for an order directing DOCCS to provide his legal papers.  Dkt. Nos. 44, 45, and 46.

In a Decision and Order filed on May 22, 2019 (the "May 2019 Order"), the Court, *inter*

*alia*, directed the Attorney General's Office to contact prison officials at Great Meadow Correctional Facility ("Great Meadow C.F.") and/or DOCCS, to determine the location of Plaintiff's legal documents and paperwork and to provide the Court with a Status Report. *See* Dkt. No. 48 at 10. A copy of the May 2019 Order was mailed to Plaintiff at Buffalo Federal Detention Facility. On May 31, 2019, the May 2019 Order was returned marked "Return to Sender - No Addressee". Dkt. No. 50.

On May 24, 2019, the Attorney General's Office filed a Status Report advising that, Plaintiff's brother, "E. Abreu", took possession of Plaintiff's legal paperwork from Great Meadow C.F. on April 21, 2019. *See* Dkt. No. 49. Counsel has provided documentary proof of that transaction. *See* Dkt. No. 49-1. In the Status Report, counsel also advised that, on May 21, 2019, Plaintiff was deported to the Dominican Republic. *See* Dkt. No. 49 at 1-2; Dkt. No. 49-1 at 6. Accordingly, Defendants moved to administratively close this action. *See* Dkt. No. 49 at 1-2; Dkt. No. 49-1 at 8-10. On June 16, 2019, the Court mailed a notice to Plaintiff regarding Defendants' motion. On June 26, 2019, the notice was returned marked "return to sender," "attempted not known," "unable to forward." *See* Dkt. No. 51.

On July 1, 2019, the Court issued an Order reassigning this matter to the undersigned. *See* Dkt. No. 52. The Order was mailed to Plaintiff at Buffalo Federal Detention Facility and, on July 12, 2019, the Order was returned marked "return to sender." *See* Dkt. No. 53.

In a Decision and Order filed on July 19, 2019 (the "July 2019 Order"), the Court denied Defendants' motion to close the matter and extended the discovery deadline for thirty days. *See* Dkt. No. 54. The parties were advised that, "this Order shall not preclude defendants from filing a motion for dismissal pursuant to the Rule 41(b) of the Federal Rules

of Civil Procedure if and when such relief is supported and warranted." *See id.* at 5.  The

Court also addressed Plaintiff's deportation and reminded Plaintiff of his obligation to inform

the Court of any address change:

> . . . the Court notes that on May 31, 2019, June 26, 2019, and
> July 12, 2019, the Court received mail marked "undeliverable"
> to plaintiff at Buffalo Federal Detention Center. Dkt. Nos. 50,
> 51, and 53.
>
> Under this Court's rules, an unrepresented litigant is under a
> duty to inform the Court of any address changes. *See*
> N.D.N.Y.L.R. 10.1(c)(2).  However, Abreu has not provided the
> Court with a current or domestic address.  For the orderly
> disposition of cases, it is essential that litigants honor their
> continuing obligation to keep the court informed of address
> changes.
>
> Consequently, Abreu is advised that he must immediately file
> a change of address, and he must continue to submit any
> address changes to the court as long as his action is pending.
> "Failure to notify the Court of a change of address in
> accordance with L.R. 10.1(b) may result in the dismissal of any
> pending action." N.D.N.Y. L.R. 41.2(b).

Dkt. No. 54 at 5.

A copy of the July 2019 Order was mailed to Plaintiff at Buffalo Federal Detention

Facility.  On July 29, 2019, the July 2019 Order was returned marked "Return to Sender,

Attempted - Not Known - Unable to Forward." *See* Dkt. No. 55.

On August 9, 2019, Defendants filed the within motion.  *See* Dkt. No. 56.  On August

12, 2019, the Court issued a notice advising Plaintiff that his response to the motion was due

on or before October 8, 2019.  A copy of the notice was mailed to Plaintiff at Buffalo Federal

Detention Facility.  On August 26, 2019, the July 2019 Order was returned marked "Return to

Sender, Attempted - Not Known - Unable to Forward." *See* Dkt. No. 57.

4

III.    **DISCUSSION**

    A.    **Legal Standards**

        Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its

discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action or

comply with any order of the court.  *LeSane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 209

(2d Cir.2001) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962)).  Rule 41.2(b) of the

Local Rules of Practice for the Northern District of New York provides that failure to notify the

court of a change of address in accordance with Local Rule 10.1(c)(2) "may result in the

dismissal of any pending action ."  N.D.N.Y. L.R. 41.2(b).  It is neither the Court's function,

nor Defendants' responsibility, to search for Plaintiff's possible location after his deportation.

*See Dansby v. Albany Cty. Corr. Facility*, No. 6:95–CV–1525 (RSP/RWS), 1996 WL 172699

at *1 (Apr. 10, 1996) ("It is neither feasible nor legally required that the clerks of the district

courts undertake independently to maintain current addresses on all parties to pending

actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest

that communications between the clerk and the parties or their counsel will be conducted

principally by mail. In addition to keeping the clerk informed of any change of address,

parties are obliged to make timely status inquiries.  Address changes normally would be

reflected by those inquiries if made in writing.") (quoting *Perkins v. King*, No. 84–3310, slip

op. at 4 (5th Cir. May 19, 1985) (further citations omitted)).

        When assessing whether to dismiss a case for failure to prosecute, district courts

should consider whether the plaintiff's failure caused a delay of considerable duration;

whether the plaintiff was given notice that further delay would result in dismissal, and whether

5

the defendants will be prejudiced by further delay.  *See United States ex rel. Drake v. Norden Sys., Inc*., 375 F.3d 248, 254 (2d Cir. 2004).  The court must also carefully balance the need to alleviate court congestion with the plaintiff's right to have his day in court, and the court must assess the efficacy of lesser sanctions.  *Id*.  Dismissal is a harsh remedy to be used only in "extreme situations."  *LeSane*, 239 F.3d at 209.  The Second Circuit has also "emphasized the importance of first giving a pro se litigant a direct warning that his case will be dismissed for failure to prosecute [.]"  *Lowmack v. Napoli*, No. 1:07–CV–0200, 2011 WL 1560930 at *3 (W.D.N.Y. Apr. 5, 2011) (citing *Drake*, 375 F.3d at 251), *adopted* 2011 WL 1560972 (W.D.N.Y. Apr. 25, 2011).  The factors outlined by the Second Circuit apply even when the deportation of a party provides a basis for dismissal for failure to prosecute.  *Brown v. Wright,* No. 05-CV-82 (FJS/DRH), 2008 WL 346347, at *3 (N.D.N.Y. Feb. 6, 2008).

**B.    Application**

After reviewing the record, the Court finds that consideration of the factors discussed above weighs in favor of dismissal.  Plaintiff was deported from the United States in May 2019.  *See* Dkt. No. 49.  Despite the passage of five months, Plaintiff has failed to update his address with the Court.  Plaintiff's last communication with this Court was in May 2019. *See* Dkt. No. 46.

The Local Rules of the Court require that "[a]ll ... pro se litigants must immediately notify the Court of any change of address."  N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted).  The Court expressly informed Plaintiff, a frequent litigator in this Circuit[1], of this requirement in the January 2018 Order.  *See* Dkt. No. 11 at 56 ("Plaintiff is also required to promptly notify

---

[1]    Plaintiff commenced at least forty actions in district courts in this Circuit since October 2008. *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl > (last visited Oct. 15, 2019).

6

the Clerk's Office and all parties or their counsel, in writing, of any changes in his address; their failure to do so will result in the dismissal of his action.") (emphasis in original).  Plaintiff acknowledged this duty and filed two Notices of Change of Address during the course of this litigation.  *See* Dkt. Nos. 37 and 44.   Although the Court attempted to further warn Plaintiff, in its July 2019 Order, that his failure to update his address may result in dismissal of the action, that order did not reach Plaintiff.  *See* Dkt. No. 54 and 55.

The fact that Court communications sent to the address given by Plaintiff over the past five months have all been returned as undeliverable presents an obvious impediment to the case going forward, resulting in prejudice to Defendants.  Discovery has not been completed and Plaintiff has not been deposed.  On July 22, 2019, Defendants attempted to serve a Notice of Deposition upon Plaintiff at Buffalo Federal Detention Facility, but the notice was returned as undeliverable.  *See* Dkt. No. 56-1 at 6; Dkt. No. 56-2.  Due to his immigration status and failure to notify the Court of his address, this matter could remain open on this Court's docket "indefinitely."  *See Kuar v. Mawn*, No. 08-CV-4401, 2012 WL 3808620, at *8 (E.D.N.Y. Sept. 4, 2012) (dismissing the complaint due to the plaintiff's deportation and failure to update address noting further that the plaintiff must obtain permission from the Secretary of the Department of Homeland Security to return to the United States to participate in the trial).

It appears that Plaintiff has abandoned this action.[2]  The Court has considered less

---

[2]     At the time he was deported, Plaintiff had seven additional active civil rights cases on this Court's docket.  On August 28, 2019, the Court issued an Order dismissing the following actions, without prejudice, for failure to provide the Court with a Notice of Change of Address or otherwise communicate with the Court.  *See Abreu v. Travers, et. al.*, No. 9:15-CV-0540 (MAD/ATB), Dkt. No. 68; *Abreu v. Hilton, et. al.*, No. 9:18-CV-564 (MAD/ATB), Dkt. No. 31; *Abreu v. Dougherty, et. al.*, No. 9:18-CV-828 (MAD/ATB); Dkt. No. 33; and *Abreu v. Wells, et. al.*, No. 9:18-CV-989 (MAD/ATB), Dkt. No. 38.  In each of those cases, the Order was forwarded to Plaintiff at Buffalo Federal Detention Center and returned as "undeliverable."  Plaintiff has not

drastic sanctions than dismissal but finds them to be ineffective due to Plaintiff's failure to comply with prior Court orders. The Court, therefore, recommends dismissal of the Complaint pursuant to Fed. R. Civ. P. 41(b) and Local Rules 10.1(c)(2) and 41.2(a) and (b) for failure to prosecute this action, and for failure to obey the Court's orders. *See Din v. Annucci*, No. 9:17-CV-1147 (LEK/DEP), 2019 WL 1494616, at *2 (N.D.N.Y. Feb. 15, 2019) (dismissing action, sua sponte, due to the plaintiff's failure to communicate with Court for six months after he was deported).

## IV.    CONCLUSION

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 56) be **GRANTED** and the Complaint be **DISMISSED**; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report–Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation on the parties in accordance with the Court's local rules.

---

otherwise communicated with the Court in any of the aforementioned actions.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:    October 15, 2019

Miroslav Lovric
U.S. Magistrate Judge